UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 01-4175

JAVORICK ALEXANDER MOORE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-00-330)

Submitted: November 28, 2001

Decided: December 17, 2001

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Paul M. James, III, STOWERS & JAMES, P.A., Winston-Salem, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Javorick Alexander Moore appeals his conviction and sentence imposed pursuant to a guilty plea to armed bank robbery, 18 U.S.C.A. § 2113(d) (West 2001), use of and brandishing a firearm in a crime of violence, 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2001), and aiding and abetting in those crimes, 18 U.S.C.A. § 2 (West 2001). Moore's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising three issues but representing that, in his view, there are no meritorious issues for appeal. Moore has filed a pro se supplemental brief asserting two additional issues. Finding the issues raised are without merit and discerning no other error in the record below, we affirm.

Counsel first contends Moore's plea was invalid because, during the plea hearing, the district court failed to explain to Moore that if he were to proceed to trial, he had the right not to be compelled to incriminate himself. However, this was explained in Moore's plea agreement, which was signed by both Moore and counsel. Thus, we find any error by the district court was harmless and that the plea was knowingly, intelligently, and voluntarily entered. *See* Fed. R. Crim. P. 11(h); *United States v. Goins*, 51 F.3d 400, 402-03 (4th Cir. 1995).

Counsel next contends the district court erred by accepting Moore's plea of guilty to carrying and using a firearm under § 924(c). Counsel contends there was an insufficient factual basis to support Moore's conviction on this count. We find this argument to be without merit.

Counsel next contends the district court erred by sentencing Moore to eighty-four months of imprisonment under § 924(c), to be served consecutively to his sentence under § 2113(d). However, Moore was subject to a seven-year mandatory minimum sentence under § 924(c)(1)(A)(ii).

In his pro se supplemental brief, Moore argues the district court erred by considering three prior, uncounseled convictions when determining his criminal history. Because Moore did not raise this claim below, this court's review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). To constitute plain error, the defendant must show the error occurred, the error was plain, and that the error affected his substantial rights. *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998). Even if there is plain error, this court will not recognize the error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* We find no error affecting Moore's substantial rights.

Finally, Moore contends he received ineffective assistance of counsel. Claims of ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We decline to consider Moore's ineffective assistance claims because we find the record does not conclusively show counsel was ineffective.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm Moore's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*